Surinder Pal Singh **CHUGH,**
Petitioner,

v.

Alberto R. **GONZALES,**\* Attorney
General, Respondent.

No. 04–70315.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

202

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Surinder Pal Singh Chugh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming without opinion an immigration judge's ("IJ") denial of his application for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see* *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), we deny the petition for review.

■ Contrary to Chugh's contentions, the IJ made an explicit adverse credibility finding. For example, the IJ stated that she had "no faith that [Chugh] has actually done what he has stated," and that the events to which Chugh testified "have been made up and memorized." *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997) (finding that IJ made sufficiently explicit adverse credibility determination where he noted discrepancies in asylum applications, cited case law upholding adverse credibility findings, and found applicant's claim not credible).

■ Substantial evidence supports the IJ's adverse credibility finding. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004). The IJ found Chugh's demeanor to be "nervous" and his testimony unbelievable because he provided only vague answers, if any, when asked questions about events that went beyond what he included in his asylum application and declaration. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–53 (9th Cir.1999) (finding both demeanor and specificity of an applicant's testimony appropriate bases for credibility determination). As the record does not compel the conclusion that Chugh's testimony was credible, *see Singh,* 367 F.3d at 1143, Chugh has not established eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Chugh has waived any challenge to the denial of his application for relief under the CAT by not raising it in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.